# EXHIBIT A

## <u>SETTLEMENT AGREEMENT WITH MUTUAL RELEASES</u>

This Settlement Agreement ("Agreement"), made effective this _____ day of May, 2020 ("Effective Date"), is by and between Camille Ingraham ("Plaintiff"), and Vital Recovery Services, LLC, and Vital Solutions, Inc. ("Defendants") (collectively, "the Parties").

**WHEREAS**, on September 16, 2019, Plaintiff commenced a putative class and collective action against Defendants, captioned *Ingraham v. Vital Recovery Services, LLC, et al.*, No. 1:19-cv-04159 (the "Action"), in the United States District Court for the Northern District of Georgia (the "Court");

**WHEREAS**, in the Class and Collective Action Complaint filed in the Action, Plaintiff alleged, among other things, that Defendants violated the Fair Labor Standards Act;

WHEREAS, Defendants deny the allegations in the Action and deny any and all liability in regard to any claims made in the Action;

WHEREAS, Defendants have provided substantial data and information relevant to the claims to Plaintiff's counsel, and after a detailed analysis of the data, the Parties engaged in settlement negotiations.

**WHEREAS**, having consulted with their respective counsel, Plaintiff and Defendants each independently concluded that it is in their respective best interests

to settle and resolve amicably and expeditiously any and all disputes and controversies that have been or could have been raised between them as of the Effective Date;

NOW, THEREFORE, in consideration of the mutual promises exchanged herein and for other good and valuable consideration, the receipt and sufficiency of which are acknowledged, the Parties hereby memorialize their agreement as follows:

**ARTICLE I**
**SETTLEMENT PAYMENT**

**1.1     Settlement Payment.** Within fourteen (14) days after the Court's entry of an order approving this Settlement Agreement pursuant to Section 3.1, Defendants shall effect the payments specified in Sections 1.2 and 1.3 in the total amount of $1,500 as consideration for, among other things, Plaintiff's release as set forth in Section 2.1 below and the discontinuance of the Action as set forth in Article III below (collectively, the "Settlement Payment").

**1.2     Payments to Plaintiff.** In a manner consistent with Section 1.1 above, Defendants shall deliver to Plaintiff's counsel, Johnson Becker, PLLC ("Johnson Becker"), (a) a payroll check for Plaintiff in the amount of Five Hundred Dollars ($500.00), less applicable withholdings, as payment for all claims for alleged lost or improperly withheld compensation; and (b) a check for Plaintiff in the amount

of Four Hundred Fifty Dollars ($450.00), from which no deductions or withholdings shall be made and for which a Form 1099 will be issued, as payment for Plaintiff's liquidated damages claim against Defendants. Plaintiff expressly acknowledges and warrants that she is, and shall be, responsible for all federal, state, and local tax liabilities that may result from the payment described in Section 1.2(b), and that she hereby warrants that the Defendants shall bear no responsibility for any such tax liabilities.  It is expressly understood and agreed that the settlement is non-reversionary.

**1.3** **Payment to Plaintiff's Counsel**. In a manner consistent with Section 1.1 above, Defendants shall deliver to Johnson Becker a check in the amount of Five Hundred Fifty Dollars ($550.00) payable to the order of "Johnson Becker, PLLC" as counsel for Plaintiff in this matter, for which a Form 1099 will be issued to Johnson Becker, PLLC. The amount payable to Johnson Becker, PLLC in connection with this paragraph shall be understood to reimburse Plaintiff's counsel for their costs related to litigating this matter and effectuating and administering the settlement. For purpose of the settlement only, Plaintiff waives the outstanding and unpaid attorneys' fees incurred from litigating the Action.

## ARTICLE II
## MUTUAL RELEASES

**2.1** **Plaintiff's Release of Defendants.** Except for Defendants'
obligations pursuant to this Agreement, Plaintiff hereby fully waives, releases, and
discharges any and all claims relating to or arising out of her employment with
and/or separation of employment from Defendants, and grants the Defendants the
broadest covenant not to sue allowed by law, which shall release, and
unconditionally and forever bar Plaintiff from bringing, prosecuting, participating
in, and/or recovering for, any claims, known or unknown, accrued or unaccrued,
present or future, whether claims are based in statute, contract, or tort, which were
brought or could have been brought against Defendants as of the Effective Date
and which did arise, in whole or in part, or relate in any way, to the subject matter
of, or the conduct, acts, omissions, transactions, events, policies, disclosures,
statements, occurrences, or causes of action, alleged in the Complaint filed in this
Action, including without limitation, claims regarding or for, unpaid wages, unpaid
overtime compensation, unpaid commissions, breach of contract, liquidated
damages, interest, attorneys' fees and expenses.  Plaintiff further releases and
forever discharges and covenants not to sue Defendants for any claim relating to or
arising out of any aspect of her employment with Defendants, or her termination of
her employment with Defendants, any claims or unpaid compensation, wages

and/or bonuses, or for wrongful discharge, as well as for personal injury, actual or potential, other than claims Plaintiff may have to payment of vested benefits (if any) under the terms of Defendants' qualified pension plans, if any, as amended from time to time, whether known or unknown, which she ever had, or hereafter may claim to have, arising on or before the Effective Date of this Agreement.  The claims released pursuant hereto include, but are not limited to, claims arising under any federal, state or local law, rule or regulation, including, without limitation, the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq.*, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000, *et seq.*, the Civil Rights Act of 1866, the Civil Rights Act of 1991, 42 U.S.C. § 1981, *et seq.*, the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq.*, the Equal Pay Act, as amended, 29 U.S.C. § 206, *et seq.*, the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*, the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et seq.*, the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq.*, and Common Law, and/or Statutory Law, and whether claims are based in statute, contract, or tort, and all other laws, rules or regulations regulating the terms and conditions of employment, regulation or ordinance, under the common law or in equity (including any claims for wrongful discharge, negligent or intentional infliction of

emotional distress, fraud or any other unlawful behavior, the existence of which is denied by Defendants), or under any policy, agreement, understanding or promise, written or oral, formal or informal, between Plaintiff and Defendants.  Plaintiff acknowledges and agrees that the foregoing general release is given in exchange for the consideration provided to her by Defendants.

**2.2    Defendants' Release of Plaintiff.** Except for Plaintiff's obligations pursuant to this Agreement, Defendants hereby release and discharge Plaintiff from liability for all claims, demands, causes of action, damages, costs, expenses, accounts, contracts, agreements, promises, compensation, and all other liabilities of any kind or nature whatsoever, known or unknown, that Defendants may have against Plaintiff as a result of actions or omissions occurring through the date Defendants execute this Agreement, including, but not limited to, those relating to or arising out of Plaintiff's employment with Defendants.

## ARTICLE III
## DISMISSAL OF THE ACTION

**3.1    Motion for Approval of Settlement**. On or before April 10, 2020, counsel for Defendants shall file with the Court the parties' Joint Notice of Motion for Approval of FLSA Settlement and Memorandum of Law in Support of Joint Motion for Approval of FLSA Settlement. Counsel for Defendants, with the aid of

Plaintiff's counsel shall be responsible for drafting and preparing the documents necessary to effectuate approval of the settlement.

**3.2    Notice of Dismissal.** Simultaneous with the parties' execution of this Agreement, counsel for Plaintiff shall execute a Notice of Voluntary Dismissal ("Notice of Dismissal") in the form attached hereto as Exhibit 1.

**3.3    Filing of Notice of Dismissal.** Subsequent to the Court's entry of an order approving of this Settlement Agreement and within ten business days of their receipt of the checks referenced in Section 1.2 and 1.3 above, Plaintiff's counsel shall file the executed Notice of Dismissal with the Court.

**ARTICLE IV**
**MISCELLANEOUS**

**4.1    Entire Agreement.** This Agreement sets forth the entire agreement between the Parties and all prior or contemporaneous agreements, understandings, representations, or statements, whether oral or written and whether by a Party or such Party's counsel, relating to the resolution of this action, are merged into this Agreement, with the exception of any non-competition or non-solicitation agreements, confidentiality agreements, and non-disclosure agreements or the likes signed by Plaintiff. Except as otherwise expressly stated herein, it supersedes any and all prior agreements relating thereto. There are no other understandings or

agreements between or among the Parties with respect to the subject matter hereof except as otherwise set forth herein.

**4.2** **No Oral Modification.** No condition or provision of this Agreement may be modified, waived, or revised in any way except in a writing executed by the Parties and referring specifically to this Agreement.

**4.3** **Binding Effect.** This Agreement and all rights and duties set forth herein shall be binding upon and inure to the benefit of the Parties and their respective heirs, representatives, successors, transferees and assigns.

**4.4** **No Representations.** The parties acknowledge that no representation, promise or inducement has been made to them other than as set forth in this Agreement, and that they enter into this Release Agreement without reliance upon any other representation, promise, or inducement not set forth herein. The parties also acknowledge that they had the opportunity to consult with an attorney of their choosing concerning this Agreement and that they have read and understand this Agreement, is fully aware of its legal effect, and have entered into it knowingly and voluntarily.

**4.5** **Severability**. Each paragraph and clause of this Agreement shall be deemed severable from all other provisions, and the invalidity or unenforceability of any provision shall not affect the validity or enforceability of the remaining

provisions.  In addition, to the extent permitted by applicable law, any invalid or unenforceable provision shall be enforced to the maximum extent permitted by applicable law.

    **4.6**   **Governing Law.** This Agreement and its interpretation and performance shall be governed by the laws of the State of Georgia.

    **4.7**   **Venue.** For purposes of litigating any dispute arising under or relating to the construction, enforcement, or performance of this Agreement, the Parties request that the Court retain jurisdiction to enforce the terms of the Settlement.

    **4.8**   **Signatures.** This Agreement may be executed simultaneously or in counterparts, each of which shall be deemed to be an original, but all of which shall constitute one and the same instrument. The parties agree that signatures by facsimile or PDF shall be deemed original signatures.

    **4.9**   **Non – Disparagement.** Plaintiff agrees that she will not disparage Defendants or any of its officers, directors or employees.  Defendants agree not to disparage Plaintiff.

    **4.10**  **No Admissions.** The Parties' execution of this Agreement or any of the individual terms thereof shall not be construed or otherwise deemed to be an admission or acknowledgement by any party of any wrongful or improper act or conduct, nor of any liability to any other party. This Agreement shall not be taken

or used, or be deemed admissible evidence, in any action or proceeding except to enforce the terms of this Agreement.

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the Effective Date written above.

By: _____     Date: _____, 2020
   CAMILLE INGRAHAM

By: _____     Date: _____, 2020
   VITAL RECOVERY SERVICES, LLC

By: _____     Date: _____, 2020
   VITAL SOLUTIONS, INC.

**<u>EXHIBIT 1</u>**

**Notice of Voluntary Dismissal**

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

CAMILLE INGRAHAM, individually
and on behalf of all similarly situated
individuals,

        Plaintiff,

    v.

VITAL RECOVERY SERVICES,
LLC, and VITAL SOLUTIONS, INC.,

        Defendants.

Case No. 1:19-cv-04159-MLB

## <u>NOTICE OF VOLUNTARY DISMISSAL</u>

Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), and with the

terms of the Settlement Agreement being fully satisfied, Plaintiff Camille

Ingraham hereby gives notice that the above-captioned action is voluntarily

dismissed with prejudice.

Dated: _____, 2020

Respectfully submitted,

_____
Jacob R. Rusch (MN Bar No. 391892)
JOHNSON BECKER, PLLC
444 Cedar Street, Suite 1800
St. Paul, Minnesota 55101
Telephone: (612) 436-1800
Fax: (612) 436-1801
jrusch@johnsonbecker.com

*Trial Counsel for Plaintiff*

WSACTIVELLP:11535785.1